MARK E. VOVOS
1309 West Dean, Suite 100
Spokane, WA  99201
(509) 326-5220

*Attorney for John R. Black*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **NO.  CR-06-0069-FVS** |
| Plaintiff, ) | |
| vs. ) | Memorandum in Support of |
| ) | John Black's Motion to Quash |
| JOHN RICHARD BLACK, ) | Subpoena and Suppress Records |
| ) | Pursuant to FRCrP 17(c)(2) |
| Defendant. ) | |

Previously, the United States, through a grand jury subpoena, has obtained medical records of Mr. Black.  Counsel has inquired as to the authority and basis for such a subpoena and was told essentially that records were obtained by grand jury subpoena and no search warrant was used to obtain those records.

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA
AND SUPPRESS RECORDS PURSUANT
TO FRCrP 17(c)(2) -  Page 1.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

On or about August 31, 2006, the administrative subpoenas in this case were issued by the FAA's attorney to obtain Mr. Black's records.

Limitations apply to both grand jury and administrative subpoenas, and the subpoena should be quashed, or alternatively, the information provided should be suppressed.

### a. Federal Rule of Criminal Procedure 17(c)(2) recognizes that subpoena power is not unlimited.

Fed. R. Crim. P. 17(c)(2) states: "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Thus, a subpoena's powers are limited.

"The grand jury's subpoena power is not unlimited." United States v. Calandra, 414 U.S. 338, 346, (1974). "It may consider incompetent evidence, but it may not itself violate a valid privilege, whether established by the Constitution, statutes, or the common law." Id. at 346 (citing Branzburg v. Hayes, 408 U.S. 665 (1972)). "The grand jury is also without power to invade a legitimate privacy interest protected by the Fourth Amendment. A grand jury's subpoena duces tecum will be disallowed if it is 'far too sweeping in its terms to be regarded as reasonable' under the Fourth Amendment." Id. at 346. (citing Hale v. Henkel, 201 U.S. 43, 76 (1906).

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND SUPPRESS RECORDS PURSUANT TO FRCrP 17(c)(2) - Page 2.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

Also, general rules of practice prescribed by the United States Supreme Court "shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect". 28 U.S.C. § 2072(b) (2006). The subpoena powers are based upon general rules of practice, Fed. R. Crim. P 17(c), but may not abrogate substantive rights.

The FAA cites to 49 U.S.C. § 46104(a) as its authority for power to subpoena witnesses and documents; however, that power does not include the right to trample on constitutional substantive rights.

For the reasons set forth below, the subpoena issued by the FAA to obtain John Black's medical records is unreasonable and oppressive.

### b. *A privilege exists between patient and doctor that precludes disclosure of confidential information.*

In <u>Jaffee v. Redmond</u>, 518 U.S. 1, 9 (1996), the United States Supreme Court was presented with the question of whether, under Fed. R. Evid. 501, a privilege exists protecting confidential communications between a psychotherapist and a patient. <u>Id</u>. At 9-10. The Court held that it did. <u>Id</u>. at 18. The respondent in the case was ordered by the trial court to provide the petitioner the contents of her

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA
AND SUPPRESS RECORDS PURSUANT
TO FRCrP 17(c)(2) -  Page 3.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

conversations with her psychotherapist. Id. at 5-6. The petitioner was suing the respondent in a wrongful-death action, claiming the respondent, a police officer, had used excessive force while on duty. Id. at 4-6. The Supreme Court granted *certiorari* based on the split in the Courts of Appeals on whether a patient/psychotherapist privilege exists. Id. at 7-8.

The Supreme Court analyzed the issues in Jaffee, and reasoned that "Like the spousal and attorney-client privileges, the psychotherapist-patient privilege is 'rooted in the imperative need for confidence and trust'". Id. at 9-10. Not only did the Court recognize that the privilege serves to protect the private interests of an individual by allowing confidential disclosures without embarrassment, but also such a privilege protects the public's interests, as well. Id. at 10. The Court noted the privilege facilitates "the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem", and that thereby "the mental health of our citizenry, no less than its physical health, is a public good of transcendent importance". Id. at 11.

Finally, the Court held that the psychotherapist-patient privilege applies equally to "communications made to licensed psychiatrists and psychologists . . . [as well as] licensed social workers in the course of psychotherapy". Id. at 15. The

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA
AND SUPPRESS RECORDS PURSUANT
TO FRCrP 17(c)(2) - Page 4.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

Court added that it would not recognize a balancing test employed by some courts to decide whether such privilege should be waived, stating:

> Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege. As we explained in Upjohn, if the purpose of the privilege is to be served, the participants in the confidential conversation "must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all." 499 U.S. at 393.

Id. at 17-18 (citations included).  See also Oleszko v. State Compensation Ins. Fund, 243 F.3d 1154, 1157-59 (9th Cir. 2001) (extending the privilege in Jaffee to Employee Assistance Program personnel for employees seeking mental health treatment).

Mr. Black should be afforded the same protection that Jaffee provided. Any comments Mr. Black made to treating physicians were strictly privileged and made in confidence. To allow Mr. Black's statements to be divulged would put a chilling effect on medical treatment, and set a dangerous precedent. Patients will no longer feel comfortable confiding in their doctors, which will potentially lead to improper treatment.

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA
AND SUPPRESS RECORDS PURSUANT
TO FRCrP 17(c)(2) - Page 5.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

To allow the FAA to subpoena medical records creates a chilling effect on a patient's relationship with his or her doctor. A dangerous precedent will be set, if the FAA can use such subpoenas, whereby patients will hesitate or not inform their doctors of their health concerns at all. The physician-patient privilege has existed for centuries, and to abrogate its inherent importance would be a loss to society. For example, if a patient were a drug-user seeking treatment and rehabilitation, his ability to speak with a physician openly about his treatment would be hindered by his concerns that whatever he tells his physician would end in criminal charges. The ability to treat patients effectively and with open communication will be forever stymied should such unlimited subpoena power be allowed.

> ***i.   Washington State law also recognizes that statements made to medical personnel are not admissible as evidence.***

Washington State also recognizes the importance of privileged communications between a physician and patient. Statements made by criminal defendants to medical personal may not be admitted into evidence at trial without the patient's consent. State v. Godsey, 131 Wn. App. 278, 286 (2006). In Godsey, the defendant was transported to the hospital for injuries. Id. at 283-84. While being treated, and in the presence of law enforcement, the defendant admitted to medical personnel that he had been using methamphetamines regularly for the past

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA
AND SUPPRESS RECORDS PURSUANT
TO FRCrP 17(c)(2) -  Page 6.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

year. Id. The defendant's statements were later admitted against him at trial by the law enforcement officer who had been present during treatment. Id. at 285. The Washington Appellate Court reversed the defendant's conviction for use of drug paraphernalia, holding that the defendant's statements should not have been admitted at trial as they "violated his right to physician-patient confidentiality". Id. at 286.

### c. The Fifth Amendment protects communications to a grand jury and a treating physician.

The Fifth Amendment of the United States Constitution states that "No person shall be . . . compelled in any criminal case to be a witness against himself". U.S. Const. Amend. V. For the Fifth Amendment to apply, an individual must invoke the privilege or his statements will not be considered to have been "compelled". United States v. Saechao, 418 F.3d 1073, 1077 (9th Cir. 2005). However, there are exceptions. Id. If "an individual is subjected to a practice that den[ies him] … a free choice to admit, to deny, or to refuse an answer, then any statement he makes is considered involuntary and cannot be used in a criminal proceeding." Id. (citations & quotations omitted). Under such circumstances, the Fifth Amendment is considered to be self-executing and an

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA
AND SUPPRESS RECORDS PURSUANT
TO FRCrP 17(c)(2) -  Page 7.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

individual does not need to invoke the privilege in order for his admissions to be suppressible. Id.

A grand jury may not compel a person to produce books and papers that would incriminate him. Boyd v. United States, 116 U.S. 616, 633-35 (1886).

Any statements made to a treating physician by John Black were not made with a knowing waiver of his Fifth Amendment rights. Mr. Black made statements to his treating physicians in confidence, with the understanding that such statements would not be released to any other person. Thus, even if his physicians are required to disclose the information contained in his medical records, disclosure of any incriminating statements in the medical records would result in the self-executing exception to the Fifth Amendment. Mr. Black did not make statements to his physicians with the knowledge that he was jeopardizing his Fifth Amendment rights, and as such the Fifth Amendment automatically applies to those statements whether he officially invoked the privilege or not.

### d.   Under "HIPPAA" regulations, an administrative agency's powers to subpoena are limited.

Pursuant to § 45 C.F.R. 164.512(f)(1)(ii), a health care provider may only reveal patient information to law enforcement under specific circumstances:

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND SUPPRESS RECORDS PURSUANT TO FRCrP 17(c)(2) - Page 8.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

> A covered entity may disclose protected health information for a law enforcement purpose to a law enforcement official if . . . (ii) In compliance with and as limited by the relevant requirements of . . . (C) An administrative request, including an administrative subpoena or summons, a civil or authorized investigative demand, or similar process authorized under law, provided that: **(1) The information sought is relevant and material to a legitimate law enforcement inquiry; (2) The request is specific and limited in scope to the extent reasonably practicable in light of the purpose for which the information is sought; and (3) De-identified information could not reasonably be used.**

§ 45 C.F.R. 164.512(f)(1)(ii)(C).

The FAA must comply with HIPPAA regulations in order to subpoena Mr. Black's medical information. The FAA may not use a subpoena to go fishing through Mr. Black's medical records for evidence of wrongdoing. The Defendant asks that this Court determine that these requirements have not been met under HIPPAA.

> **e.    *The Defendant was not given any notice of the subpoenas issued by the FAA.***

In <u>Northwestern Mem'l Hospital v. Ashcroft</u>, 362 F.3d 923 (7th Cir. 2004), the Court stated that the HIPPAA standard for disclosure in response to a subpoena requires notice and "the notice to the patient must contain 'sufficient information about the litigation or proceeding in which the protected health information is

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND SUPPRESS RECORDS PURSUANT TO FRCrP 17(c)(2) -  Page 9.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

requested to permit the individual to raise an objection to the court.'" Id. at 926. (citing CFR 45 § 164.512(e)(1)(iii)(B)). "The objection in court would often be based on privilege—the source of which would be found elsewhere than in the regulations themselves." Id. at 926. The 7th Circuit noted that if the hospital in Northwestern disclosed medical records of certain women who had had abortions, a violation of privacy rights would result, and lead the patients to lose faith in the hospital: "If Northwestern Memorial Hospital cannot shield its abortion patients' records from disclosure in judicial proceedings, moreover, the hospital will lose the confidence of its patients, and persons with sensitive medical conditions may be inclined to turn elsewhere for medical treatment." Id. at 929.

Mr. Black's constitutional right to privacy is at stake, and neither the FAA nor the Government should have the authority to seek private, confidential, privileged medical records concerning his treatment, especially without prior notice to the patient. The records were created under the guise of confidentiality, and they should remain confidential.

MEMORANDUM IN SUPPORT OF
MOTION TO QUASH SUBPOENA
AND SUPPRESS RECORDS PURSUANT
TO FRCrP 17(c)(2) - Page 10.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220

## CONCLUSION

WHEREFORE, the Defendant respectfully requests the Court grant his motion to quash and/or suppress the subpoenas issued by the FAA to acquire his medical records.

RESPECTFULLY SUBMITTED, this 7th day of September, 2006.

> */s/ Mark E. Vovos*, WSBA #4474
> 1309 West Dean Avenue, Suite 100
> Spokane, WA  99201
> Telephone:  (509) 326-5220;
> Fax:             (509) 326-5226
> E-mail:         mvovos@concentric.net
> Attorneys for John R. Black

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Earl A. Hicks, Assistant United States Attorney

> */s/ Mark E. Vovos*
> Mark E. Vovos, #4474
> Attorney for John R. Black
> 1309 West Dean, Suite 100
> Spokane, WA 99201
> Phone:       (509) 326-5220
> Fax:           (509) 326-5226

MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND SUPPRESS RECORDS PURSUANT TO FRCrP 17(c)(2) -  Page 11.

MARK E. VOVOS, P.S.
Attorneys At Law
West 1309 Dean Ave. #100
Spokane, WA 99201
(509) 326-5220